John J. Walsh, J.
Plaintiff recovered a judgment in the Utica City Court on the 15th day of October, 1949. An execution issued the same day to the Marshal of the said City Court was returned by him that day unsatisfied.
On October 24, 1958 (more than nine years after the judgment was entered in the Utica City Court) a Deputy Clerk of the said City Court issued a transcript of said judgment to the judgment creditor. This transcript was filed in the Oneida County Clerk’s office the same day and an execution issued thereon which was returned wholly unsatisfied on October 29, 1958. Thereafter, a garnishee of wages was issued out of the *936 Oneida Oounty Court. This garnishee is now sought to be vacated by this motion.
The primary question to be decided is the length of time a judgment of the Utica City Court is enforcible. Plaintiff maintains that the Utica City 'Court is a court of record and its judgment is enforcible for 20 years. (Civ. Prac. Act, § 44.)
Defendant contends that the 'City Court of Utica possesses the same powers and jurisdiction now possessed by the Justices of the Peace of the towns of Oneida County and of the Justices of the Peace in the City of Utica, (Utica City Court Code, § 4) and that pursuant to section 272 of the Justice Court Act, there is a time limit of “ six years after its rendition ” during which a transcript of a judgment of a Justice of the Peace may be filed in the Oounty Clerk’s office.
Defendant calls attention to rule LXVII (formerly rule XIV) of the City Court Rules which provides:
“ Executions, (a) Executions; when and how issued. An execution may be issued upon a judgment by the Chief Clerk or a deputy Clerk of the Court, within six years after the entry of judgment, the execution being directed to a Marshal, or by the attorney for the judgment creditor after filing a transcript of the judgment with the County Clerk as provided in subdivision 6, the execution being directed to a sheriff, but no execution shall issue out of this Court after a transcript has been issued and no transcript shall he issued while an execution of this Court remains outstanding except a transcript showing that the judgment has been modified, vacated or set aside. While an execution is issued to a Marshal the prospective fees of the County Clerk and sheriff must be omitted.
“ (b) Issuance and filing of transcript and effect thereof.
“ 1. Upon application of a judgment creditor the Clerk must deliver to him a transcript of the judgment, except as provided in subdivision a
Defendant argues that the exception referred to in subdivision b (par. 1) of rule LXVII in effect places a time limit of six years on the issuance of a transcript and consequently the transcript was improperly issued.
The difficulty in resolving this question arises from the fact that there are numerous references to the Justice Court Act in the Utica City Court Code and the fact that a civil jury there consists of only six persons as does a Justice Court jury (Utica City Court Code, § 14).
It is unquestioned that the Utica City Court is and at all times since its establishment has been a court of record (Utica City *937 Court Code, § 1). It follows, therefore, in the absence of any specific limitation of its powers, that its civil judgments are not presumed to have been paid or satisfied as a matter of law until after the expiration of 20 years under section 44 of the Civil Practice Act.
Examination of the City Court Code and the Rules of the Utica City Court does not show any specific limitation of the power of the court.
As a matter of fact, section 4 of the code which refers to the fact that the City Court possesses the same powers as Justices of the Peace, concludes with the following paragraph:
“ The specific statements of jurisdiction contained herein shall not be considered as to restrict, limit or abridge the jurisdiction now had and possessed by the city court of Utica, but shall be considered as a further amplification of its powers and jurisdiction.”
Nor is rule LXVII of the rules of the court in any way inconsistent with this plenary power. It provides that an execution may not be issued by a clerk of the court after six years have passed from the time of its rendition. In the instant case an execution was issued the same day as the judgment was entered (Oct. 15, 1949). If any inconsistency exists in rule LXVII it is in connection with section 651 of the Civil Practice Act which requires a court order for the issuance of an execution more than five years after its rendition. This question is not •before me in this case and is not decided.
A transcript of a judgment is a written copy of the judgment entered in the court.
Rule LXVII requires the Clerk of City Court or a deputy to issue a transcript of a judgment except ‘ ‘ while an execution of this Court remains outstanding ”. In the instant case, no execution issued out of the Utica City Court was outstanding since it had been returned unsatisfied on October 15, 1949, the same day it was issued, and there is nothing before me to indicate any other execution was outstanding at the time the transcript was issued.
Rule LXVII does not contemplate a time limitation on the issuance of a transcript but prevents its issuance only while an execution remains outstanding.
Accordingly, this court holds that the transcript was properly issued by the Utica City Court. Under rule LXVII, the County Clerk must, when the transcript is filed with him, enter the particulars of the judgment as stated in the transcript in his docket book and said judgment is thereupon “ deemed a judg *938 ment of the County Court and may be enforced accordingly This procedure is analogous to that followed in courts of the Justices of the Peace (Justice Court Act, §§ 272, 279, 280).
The motion is in all respects denied and the stay heretofore granted and continued is vacated.
Submit order in accordance herewith.